**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEPHANIE C. WYRICK,             )<br>                                                    )<br>            **Plaintiff,**               )<br>                                                    )<br>v.                                                 )           Case No. CIV-08-724-R<br>                                                    )<br>MICHAEL J. ASTRUE,              )<br>Commissioner SOCIAL SECURITY  )<br>ADMINISTRATION,              )<br>                                                    )<br>            **Defendant.**              ) | |

## <u>ORDER</u>

Plaintiff filed this action seeking a review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On May 15, 2009, Judge Argo issued a Report and Recommendation, wherein he recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on the Plaintiff's timely objection to the Report and Recommendation.

The Court must conduct a de novo review of those portions of the Report and Recommendation to which Plaintiff has made specific objection. *See* Fed. R. Civ. P 72(b); 28 U.S.C. § 636(b)(1) (The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Issues not raised

before the Magistrate Judge are subject to waiver. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

In her opening brief before the Magistrate Judge Plaintiff raised two challenges to the Commissioner's decision. She first argued that the administrative law judge's credibility determination was not supported by substantial evidence. Her second argument was that the administrative law judge failed to correctly consider the combined impact of her impairments in assessing her residual functional capacity. In her objection to the Report and Recommendation Plaintiff challenges, in part, Judge Argo's conclusion with regard to the administrative law judge's credibility analysis.

As noted by Judge Argo, credibility determinations are within the province of the finder of fact, and will not be upset if supported by substantial evidence. Judge Argo continued the Report and Recommendation by noting that the administrative law judge listed the factors relevant to assessing a claimant's credibility and that he thoroughly summarized the medical evidence. . .

> The administrative law judge may not have stated the exact number of medical visits in his decision, or characterized them as "frequent," but his summary of the medical evidence makes it clear that he was both aware of the longitudinal record and considered it to be a factor in his analysis.

Report and Recommendation, p. 8. Judge Argo then thoroughly analyzed this claim and concluded that the administrative law judge's credibility assessment was supported by substantial evidence. Nothing in Plaintiff's objection provides a basis for concluding that his

2

analysis or his recommendation that the Commissioner's decision be affirmed is in error.

Plaintiff also raises issues not raised in her opening brief. She argues that the administrative law judge "did not include environmental considerations or respiratory treatment in his hypothetical to the vocational expert despite documented asthma, chronic obstructive pulmonary disease, and seasonal allergies." Plaintiff did not raise this issue before the Magistrate Judge, and accordingly it is waived. Finally, Plaintiff asserts that "[w]hen viewing the claimant as a whole it is not reasonable to conclude that she can work an eight (8) hour, five (5) days a week work schedule." To the extent Plaintiff is attempting to challenge the administrative law judge's determination of her ability to perform work on a full-time basis as part of his assessment of her residual functional capacity, she failed to raise this issue before the Magistrate Judge either. Accordingly, it too is waived.

The Court concludes that the administrative law judge's decision is supported by substantial evidence. Accordingly, the Report and Recommendation is hereby adopted in its entirety, and the decision of the Commissioner is hereby affirmed. Judgment shall be entered accordingly.

IT IS SO ORDERED this 1st day of July 2009.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE